## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **LARYSA KOSTAK** | **CIVIL ACTION NO. 25-1093 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DONALD J TRUMP ET AL** | **MAG. JUDGE MCCLUSKY** |

### MEMORANDUM ORDER

Before the Court is a Motion for Public Access (ECF No. 56), filed by the habeas petitioner in this case, Larysa Kostak ("Petitioner"). The Respondents[1] oppose (ECF No. 62). Petitioner replied (ECF No. 63).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I.    BACKGROUND

Petitioner was mandatorily detained based upon a flawed interpretation of 8 U.S.C. § 1225(b)(2)(A). *Kostak v. Trump,* No. CV 3:25-1093, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025). The Court ordered the Respondents to provide her a bond hearing, *id.* at *4, which was held, ECF No. 21 at 1. Petitioner was found bond-eligible and released. *See* ECF No. 47 at 1. Having received the ultimate relief sought in her habeas petition—release on bond—her case was dismissed as moot. ECF No. 55. Now she moves the Court to "allow public access to the documents in this case." ECF No. 56 at 1. The Respondents oppose, citing privacy concerns and dismissing redaction as unduly burdensome. ECF No. 62 at 1–2. More below.

---

[1] Respondents are Donald J. Trump, Kristi Noem, Pamela Bondi, Todd Lyons, Brian S. Acuna, Keith Deville, and the Executive Office of Immigration Review.

1

## II.    LAW AND ANALYSIS

"The public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). That is why the "presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 419 (5th Cir. 2021). And the Fifth Circuit has recently reminded district courts to be "ungenerous," *id.* at 418, with the "heavily disfavor[ed]" act of shielding judicial records from the public eye. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022).

But immigration cases are slightly afield. Federal Rule of Civil Procedure 5.2(c) limits public "remote access to electronic files [in] immigration cases . . . unless the court orders otherwise[.]" Rule 5.2(c) "does not clearly prohibit access to non-parties," *Patel v. Jaddou*, 92 F.4th 639, 641 (6th Cir. 2024), but it still imposes a burden on the public. *Sorto-Vasquez Kidd v. Noem,* No. 2:20-CV-03512-ODW (JPRX), 2025 WL 1715514, at *1 (C.D. Cal. May 7, 2025) ("While the common law presumption of access is likely inapplicable here given that the public does have access, though limited, to these documents, the Court is guided by the 'strong presumption in favor of access.'"). Again, "[t]he public has an interest" "independent of the parties' interests" in the openness of judicial records. *In re Gee*, No. 19-30953, 2019 WL 13067384, at *8 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). And "[t]he rationale for public access is even greater where, as here, the case involves matters of particularly public interest." *June Med. Servs.,* 22 F.4th at 520. The Court finds Petitioner's assertion that this case contains matters of public interest persuasive. Furthermore, through redaction, "the sensitive information in this case

[such as operational details or the identities of federal law enforcement personnel] can be protected even without Rule 5.2(c)." *Sorto-Vasquez Kidd,* 2025 WL 1715514, at *2. Accordingly, the restriction on remote public access should be lifted once adequate redaction is performed. *See id.* Petitioner has already provided proposed redactions. *See* ECF No. 53-1 at 3. So, the Court will allow for fourteen (14) days for the Respondents to file any further proposed redactions, justified on a "document-by-document, line-by-line" basis, which the Court will then "scrupulously examine" prior to redesignation of the docket. *See June Med. Servs.,* 22 F.4th at 521. "[T]he Court expects the number [of redactions] to be exceedingly small." *Sorto-Vasquez Kidd,* 2025 WL 1715514, at *2.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Public Access is **GRANTED**. The limited-access designation shall be removed in due course, subject to the process set forth above.

**THUS DONE AND SIGNED** this 5th day of January, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**